# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| RYAN RIVERS, individually and on behalf of all others similarly situated,<br><br>v.<br><br>DRAKE FIELD SERVICES LLC | Case No. 4:25-cv-04880<br>FLSA Collective Action |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Ryan Rivers brings this lawsuit to recover unpaid overtime wages and other damages from Drake Field Services LLC ("Drake") under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

2. Rivers worked for Drake as a medic.

3. Drake paid Rivers and workers like him a day rate—a flat amount for each day worked—without regard to how many hours they worked each week.

4. Rivers and the other workers like him often worked in excess of 40 hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Drake improperly paid these workers a single day rate for all hours worked each day, even when they were working more than 40 hours in a week.

6. Drake's policy of paying these employees a day rate, with no overtime pay, violates the FLSA.

7. This collective and class action seeks to recover the unpaid overtime wages and other damages Drake owes these workers under the FLSA.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Drake's principal place of business is in this District.

## PARTIES

10. Rivers worked for Defendants from November 2024 until August 2025.

11. Rivers was a medic for Defendants.

12. Defendants paid Rivers a day rate.

13. Defendants did not pay Rivers a salary.

14. Defendants did not pay Rivers on a salary basis.

15. Defendants did not pay Rivers on a fee basis.

16. Rivers represents a collective of similarly situated workers under the FLSA. *See* 29 U.S.C. § 216(b) (the "FLSA Collective"). This FLSA Collective is defined as:

> **Persons currently and formerly employed by Drake Field Services LLC as medics who worked in the United States and who were paid a day rate, at any time between three years prior to the date this Complaint is filed until the entry of judgment.**

17. Throughout this Complaint, the FLSA Collective Members are also referred to as the "Similarly Situated Workers."

18. **Drake Field Services LLC ("Drake")** is a domestic limited liability company.

19. At all relevant times, one or more of Drake's ultimate members were and are citizens of Texas.

20. Drake's headquarters and principal place of business are in this District.

21. Drake may be served by service upon its registered agent or upon any of its officers, directors, managing agents, or general agents at, **James Andrew Drake, 5414 Country Ct., Magnolia, TX 77354**, or by any other method authorized by law.

### COVERAGE UNDER THE FLSA

22. At all relevant times, Drake was an employer of Rivers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all relevant times, Drake was an employer of the Similarly Situated Workers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. During at least the last three years, Drake has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. During at least the last three years, Drake has had gross annual sales in excess of $500,000.

26. During at least the last three years, Drake was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

27. During at least the last three years, Drake has employed many workers, including Rivers and the Similarly Situated Workers, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

28. The goods and materials handled, sold, or otherwise worked on by Rivers, the Similarly Situated Workers, and other Drake employees and that have been moved in interstate commerce include, but are not limited to, medical equipment and supplies.

## FACTS

29. Drake staffs medical and safety personnel to third parties in a variety of industries.

30. Rivers worked for Drake as a medic.

31. Rivers was employed by Drake.

32. Drake paid Rivers a day rate.

33. Drake paid Rivers a flat rate for each day worked.

34. Drake never paid Rivers a salary.

35. Drake never paid Rivers on a fee basis.

36. Drake paid Rivers paid based on the number of days he worked.

37. If Rivers did not work on a certain day, Drake did not pay him for that day.

38. A salary is not the same as a day rate.

39. In fact, Drake likely pays certain employees—such as office workers—a salary.

40. Drake nonetheless paid certain employees, including Rivers and Similarly Situated Employees, a day-rate without any overtime.

41. This day rate pay scheme is illegal under the FLSA.

42. It is well-known that day-rate employees are not exempt from the overtime provisions of the FLSA, no matter what their job duties are.

43. Drake's day rate employees are non-exempt employees.

44. Rivers reported the hours, or at least the days, he worked to Drake on a regular basis.

45. Drake recorded the hours, or at least the days, worked by their non-exempt employees, including Rivers.

46. Rivers regularly worked more than 40 hours for Drake each week.

47. While on shift, Rivers would frequently work 12 hours per day, or more, 7 days per week.

48. Nevertheless, Drake would only pay Rivers his day rate for each day worked.

49. Rivers was paid $650 per day, without regard to how many hours he worked each day or each week.

50. Drake thus paid Rivers under its illegal day rate pay scheme.

51. Drake paid other workers—the Similarly Situated Workers—under the same illegal day rate pay scheme.

52. Just as with Rivers, Drake paid the Similarly Situated Workers a day rate for each day worked, without overtime when they worked more than 40 hours in a week.

53. While the precise job duties of the Similarly Situated Employees may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of 40 in a workweek.

54. An employer can pay a non-exempt employee on day rate basis provided the employee receives overtime pay for hours worked in excess of 40 in a week. 29 C.F.R. § 778.112.

55. Rivers and Similarly Situated Workers' day rates do not increase when working more than 40 hours in a workweek.

56. Thus, Drake never paid Rivers or Similarly Situated Workers on a "salary basis." *See Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39, 50 (2023) ("Daily-rate workers, of whatever income level, are paid on a salary basis only through the test set out in [29 C.F.R.] § 604(b).").

57. Drake regularly scheduled Rivers to work more than 40 hours per week.

58. Drake regularly scheduled Similarly Situated Workers to work more than 40 hours per week.

59. Drake knew Rivers worked more than 40 hours in a week.

60. Drake has known Similarly Situated Workers work more than 40 hours in a week.

61. Drake's records show Rivers worked more than 40 hours in a week.

62. Drake's records show Similarly Situated Workers work more than 40 hours in a week.

63. Drake knows Rivers and Similarly Situated Workers are not exempt from the FLSA's overtime provisions (or the provisions of any similar state overtime laws).

64. Drake was aware of the overtime requirements of the FLSA.

65. Drake knows day rate workers are not exempt from the FLSA's overtime provisions.

66. Nonetheless, Drake does not pay day rate workers overtime for hours worked in excess of 40 in a workweek.

67. Drake knew, or showed regardless disregard for whether, their day rate policy violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

68. The illegal pay practices Drake imposed on Rivers were likewise imposed on the FLSA Collective Members.

69. Drake employs many other workers who worked over 40 hours per week and were subject to Drake's same pattern, practice, and policy of failing to pay overtime at 1.5x

the workers' regular rates of pay.

70. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

71. Based on his experience and tenure with Drake, Rivers is aware that Drake's illegal practices were imposed on the FLSA Collective Members.

72. These workers were similarly situated within the meaning of the FLSA.

73. Drake's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the FLSA Collective Members.

74. These employees are victims of Drake's unlawful compensation practices and are similarly situated to Rivers in within the meaning of the FLSA.

75. Any differences in job duties do not detract from the fact that these day-rate workers were entitled to overtime pay.

76. Drake's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the FLSA Collective members.

77. The FLSA Collective members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CAUSE OF ACTION—WAGE-AND-HOUR VIOLATIONS OF THE FLSA

78. Rivers incorporates all other allegations.

79. By failing to pay Rivers and the FLSA Collective members overtime under its day-rate system, Drake violated the FLSA. 29 U.S.C. § 207(a).

80. Drake owes Rivers and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

81. Drake owes Rivers and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

82. Drake knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay overtime compensation to Rivers and the FLSA Collective members.

83. Because Drake knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Drake owes these wages for at least the past three years.

84. Drake's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

85. Because Drake's decision not to pay overtime was not made in good faith, Drake also owes Rivers and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

86. The FLSA provides that Rivers and the FLSA Collective members are entitled to an amount equal to the unpaid overtime wages as liquidated damages, regardless of whether Drake's decision not to pay overtime was made in good faith.

87. Rivers and the FLSA Collective members are entitled to their unpaid wages under the FLSA, including overtime wages in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

## RELIEF SOUGHT

Rivers prays for judgment against Drake as follows:

(a) For an order certifying a collective action for the FLSA claims;

(b) For an order finding Drake liable for violations of state and federal wage laws with respect to Rivers and the FLSA Collective members;

(c) For a judgment awarding all unpaid wages, liquidated damages, and penalties to Rivers and the FLSA Collective members;

(d) For a judgment awarding costs of this action to Rivers and the FLSA Collective members;

(e) For a judgment awarding attorneys' fees to Rivers and the FLSA Collective members;

(f) For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law Rivers and the FLSA Collective members; and

(g) For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*
By: _____
**Matthew S. Parmet**
TX Bar # 24069719
**PARMET LAW PC**
2 Greenway Plaza, Ste. 250
Houston, TX 77046
phone  713 999 5200
matt@parmet.law

**Attorneys for Plaintiff**